IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| N. BAJALO, | |
| Plaintiff, | Case No. 1:24-cv-8009 |
| v. | Hon. Manish Shah, Judge Presiding |
| FRONTAGE LABORATORIES, INC., | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT UNDER FRD R. 12 (e)**

A. BACKGROUND

1. Plaintiff is Nedeljka Bajalo; defendant is Frontage Laboratories, Inc., a multi-national corporation.

2. Plaintiff sued Defendant to enforce her stated salary and pay.

3. Defendant has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12( e). Plaintiff opposes the motion.

4. Plaintiff files this response and asks the Court to deny defendant's motion.

B. ARGUMENT

5. Motions for a more definite statement are disfavored and should be granted only when the challenged pleading is so unintelligible that a responsive pleading cannot be framed. *Buick v. World Savings Bank*, 565 F. Supp. 2d 1152, 1160 (E.D. Cal. 2008); *Guess?, Inc. v. Chang*, 912 F. Supp 372, 381 (N.D. Ill. 1995); *Taylor v. Cox*, 912 F. Supp. 140, 143 (E.D. Pa. 1995) . The Court should not require plaintiff to amend her complaint with a more definite statement because the defendant can either admit or deny all of the complaint's

allegations.

6. The Court should not require plaintiff to amend her complaint with a more definite statement because the complaint provides fair notice of plaintiff's claims and the facts alleged sufficiently show a plausible claim for relief. See Fed.R.Civ. P. 8 (a), *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Here, the defendant, Frontage, promised in writing, to pay Plaintiff $180,000.00 a year plus additional benefits.

7. The Court should not require plaintiff to amend her complaint with a more definite statement because defendant is improperly using Rule 12 ( e) as a substitute for discovery. *Sagan v. Apple Comput., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). As Illinois is a fact-pleading jurisdiction, and because the complaint contains an extensive factual predicate, and because plaintiff and defense counsel previously exchanged views on settlement and in that context, views on the allegations of the complaint, there is no need for a more definite statement.

8. The Court should not require plaintiff to amend her complaint with a more definite statement because defendant's motion did not satisfy the requirements of Rule 12 ( e). Defendant, despite alleging that the complaint is "incoherent," has utterly failed to identify defects in the complaint. Plaintiff "labeled" as "salary" what the defendant has failed to pay her, an increasing sum.

    The complaint here is a result of the facts adduced by plaintiff after an investigation. It Is based in large part on defendant's written offers to plaintiff to get her to return to this state from where she was living. It is more than ironic that it is

Frontage that is professing that it does not comprehend a complaint filed under Illinois fact-pleading rules when it was Frontage that opened shop in Illinois.  Recall that it was Frontage and not plaintiff that offered Plaintiff in writing a salary of $180,000 a year and the other benefits noted in the complaint.

Plaintiff harbors no illusions about his skill in drafting complaints and notes that a lot of briefing could have been avoided by a telephone call.  But that did not happen and we are left with this motion and defendant's removal petition.  Counsel for petitioner must assert what he knows as accurate: that to the best of his knowledge his phone was never called by defense counsel and he did not receive any calls from the defense that it could not understand the complaint until the motion was received. Counsel is aware of what is missing such as an ad damnum clauss and is happy to provide such information to the defense.  There is no basis for dismissing this case. The complaint is not so "vague as to constitute a nightmare,"or we would not be here.

Under the rules governing Illinois pleading, the complaint is sufficient as it plainly alleges a plausible cause of action for pay, inducement and illegal criticism, and the motion should be denied.

Respectfully,

/s/ John T. Moran , Jr.
John T. Moran, Jr.
723 Beacon Drive
Lake Barrington, IL   60010
(312) 405-4474
J.t.m.moran@gmail.com