IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEDELJKA BAJALO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-08009 |
| v. | ) | |
| | ) | The Honorable Manish S. Shah |
| FRONTAGE LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

Defendant, FRONTAGE LABORATORIES, INC. ("Frontage"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, and pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, hereby submits its motion in support of a more definite statement of Plaintiff's Complaint. In support, Frontage states as follows:

**PRELIMINARY STATEMENT**

On November 12, 2024, this Court ordered that Plaintiff amend his complaint providing, among other things, "a more definite statement about her salary dispute." [Doc. No. 10]. Specifically, the Court required Plaintiff to "amend her complaint to identify what conduct by Frontage forms the basis of her salary dispute alleged in Count One." [Doc. 10]. The Court further noted that Plaintiff's Salary count was "too vague to put Frontage on notice of what conduct forms the basis of her lawsuit" and that there were "few allegations" relating to "defendant's liability for [Plaintiff's] salary." [Doc. 10].

On November 26, 2024, Plaintiff filed her Amended Complaint, leaving the allegations regarding her "Salary" count virtually unchanged. Not once does Plaintiff allege what, if any, conduct is at issue giving rise to any alleged salary dispute. Further, Plaintiff never once alleges that she was terminated, if that is what she is challenging. Without this information, Frontage is

150005285.1 1

still left guessing what conduct provides a basis for the claim. For these reasons, Plaintiff should be ordered to re-plead her salary count in accordance with Rule 12(e).

## BACKGROUND

On July 10, 2024, Plaintiff filed an action in the Circuit Court of Cook County, Illinois, entitled *Nedeljka Bajalo v. Frontage Laboratories, Inc.*, under case number 2024 L 007589. Frontage was served with a copy of the Complaint via its registered agent on August 5, 2024, which was later removed to this Court on September 3, 2024. [Doc. No. 1].

On November 12, 2024, the Court partially granted Defendant's Rule 12(e) motion and ordered Plaintiff to amend her Complaint providing a more definite statement about her salary dispute and whether her complaint invokes the federal or state Animal Welfare Act. [Doc. 10]. In addition, the Court requested Plaintiff to "take this opportunity to properly number the counts of her Complaint." [Doc. 10]. On November 26, 2024, Plaintiff filed her Amended Complaint. Attached as **Exhibit A** is a true and accurate copy of Plaintiff's Amended Complaint. While the Amended Complaint confirmed that Plaintiff was invoking the Federal Animal Welfare Act, her "Salary" count remained virtually unchanged suffering from the same issues complained of in Defendant's first Rule 12(e) motion. Further, Plaintiff failed to address the numbering issues.

Plaintiff's Amended Complaint consists of four Counts: (1) Count One: "Salary"; (2) Count Two: "Animal Welfare Act Concerns"; (3) Count Two: "Animal Welfare Act"; and (4) Count Three: "Reputational Injury." In Count I, Plaintiff appears to assert that Frontage is somehow liable for a financial and reputational injury to Plaintiff. For the reasons herein, Plaintiff must be ordered to re-plead her claims.

## LEGAL STANDARD

150005285.1

2

The Federal Rules of Civil Procedure require a plaintiff to include in her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The primary purpose of this and other pleading rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Fed. R. Civ. P. 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)…." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). A Rule 12(e) motion must specify what information is deficient and the details desired. Fed. R. Civ. P. 12(e). "Rule 12(e), rather than a judicial demand for fact pleading, is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

In addition, a Rule 12(e) motion should be granted when the defendant seeks information that would allow them to determine whether an affirmative defense may be appropriate. *DeLumeau v. Pfizer Inc.*, No. 20-cv-2469, 2021 WL 5086381, at *2 (D. Colo. Jan. 11, 2021) (granting Rule 12(e) motion when defendants are seeking information that would allow them to know what sort of response, including an affirmative defense, might be proper"); *Swank v. Tanner*, No. 11-2677, 2012 WL 1106846, at *3 (E.D. La. 2012) (noting that a Rule 12(e) motion is "universally deemed appropriate" when the pleading at issue is vague such that the opposing party is unable to respond) (internal citations omitted). In such cases, courts will require a plaintiff to amend their claims to

clarify the factual basis underlying the cause of action, including more clearly specifying the conduct at issue and which defendant each claim is brought against. *See Coleman v. City of Galesburg*, 2021 U.S. Dist. LEXIS 87840, *20-21 (C.D. Ill. May 7, 2021) (ordering amended pleading within 14 days); *Meacham v. Univ. of Ill.*, 2021 U.S. Dist. LEXIS 246251, *10-11 (C.D. Ill. Jan. 19, 2021) (dismissing complaint without prejudice and directing amended pleading within 21 days). Whether to grant a motion for a more definite statement is within the discretion of the trial court. *See, e.g.*, *Arvegenix, LLC v. Seth*, No. 13-CV-1253, 2014 WL 1698374, at *2 (C.D. Ill. Apr. 29, 2014).

## ARGUMENT

Plaintiff's should be required to amend her Complaint pursuant to Rule 12(e), as Frontage has zero idea as to what, if any, conduct Plaintiff attributes to her alleged "Salary" dispute. Stated differently, Count I does nothing to allow Frontage to gauge what it is that Plaintiff is even alleging against it.

**A. Plaintiff Should Be Required to File a More Definite Statement Regarding Count I**

Nowhere in Plaintiff's "Facts Common To All Counts" or "Count One: Salary" sections can Frontage discern what cause of action Plaintiff is even asserting. Plaintiff asserts that Frontage was required to pay Plaintiff "$180,000 a year" and that "[t]here is no language in the agreement providing a cancellation of that sum and Plaintiff has done nothing to trigger any reduction in the payment terms, especially considering the actions of Defendant and its agents encouraging Plaintiff (a) not to resign and (b) to buy the condominium she presently resides in." **Ex. A**, ¶26. Plaintiff then asserts she "was extremely financially and reputationally harmed as she turned down positions paying more money…" **Ex. A**, ¶27. These allegations do not allow Frontage to adequately respond because the allegations and Count labeled "Salary" are extremely vague. Is

Plaintiff complaining about a term contained within her offer letter, is Plaintiff complaining about the actions of Frontage employees, or is there simply an issue with the amount paid by Frontage to Plaintiff? These are questions that immediately come to mind that prevent Frontage from knowing what, if any, allegations Plaintiff is asserting regarding her "Salary." Further and more importantly, not once does Plaintiff allege that she was, in fact, terminated, a key fact generally associated with an alleged "Salary" claim. Plaintiff should be required to assert what acts/omissions Frontage is liable for to give rise to this "Salary" dispute.[1]

## CONCLUSION

Plaintiff's allegations contained in Count I are a nightmare scenario for any defendant given the disorganization and vagueness associated within them. As a result, Plaintiff should be ordered to file a second amended complaint to cure these deficiencies. Specifically, Plaintiff should clearly state what, if any, conduct Frontage is allegedly liable for to support the vague "Salary" Count. In addition, Plaintiff should plead that she was terminated from Frontage. This lack of basic information inhibits Frontage from responding to Plaintiff's Complaint. Plaintiff should be ordered to file an amended complaint with a more clearly pled cause of action.

WHEREFORE, Defendant, Frontage Laboratories, Inc. respectfully requests this Court to require Plaintiff to plead a more definite statement pursuant to Rule 12(e); and to grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Cameron T. Liljestrand*
Stephen L. Sitley
Cameron T. Liljestrand
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300

---

[1] Although Plaintiff has since clarified her invoking the Federal Animal Welfare Act, Frontage is still left guessing what, if any, conduct Plaintiff is alleging to support her claimed damages.

> Chicago, Illinois 60661
> T (312) 345-1718/F (312) 345-1778
> Stephen.Sitley@lewisbrisbois.com
> Cameron.Liljestrand@lewisbrisbois.com
> ***Attorneys for Frontage Laboratories, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 16th day of December 2024, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.

*s/ Cameron T. Liljestrand*
Cameron T. Liljestrand