IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEDELJKA BAJALO, | ) |
|        Plaintiff, | ) Case No.: 1-24-cv-08009 |
| v. | ) Magistrate Judge Manish Shah |
| FRONTAGE LABORATORIES, INC., | ) Removal from the Circuit Court of Cook County, Illinois |
|        Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, FRONTAGE LABORATORIES, INC. ("Defendant" or "Frontage"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, and for its Reply in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. In support, Frontage states as follows:

**I.    INTRODUCTION**

In its opening memorandum, Defendant demonstrated why Plaintiff's Federal Animal Welfare Act claim fails. [Dkt. No. 20] Specifically, Defendant argued that Plaintiff's Complaint, specifically her Federal Animal Welfare Act ("AWA") Count failed because there is no private cause of action. [Dkt. No. 20] Plaintiff filed her opposition "conced[ing] that there is no private cause of action under the AWA." [Dkt. No. 23] In addition to conceding that there is no claim, Plaintiff asks this Court to deny Defendant's motion because it is "unnecessarily broad." [Dkt. No. 23] Plaintiff's opposition is not supported by applicable caselaw and contains specious legal arguments, and for these reasons, Defendant's Motion to Dismiss should be granted with prejudice.

## ARGUMENT

### A. Plaintiff's Allegations Fail to State a Cause of Action Under the Animal Welfare Act.

In Plaintiff's opposition to Defendant's partial motion to dismiss her AWA Count, Plaintiff "concede[s]" that there is no private cause of action under the AWA … as far as it goes." [Dkt. No. 23] As argued in Defendant's Motion to Dismiss and which Plaintiff concedes, there is no citizen-suit provision within the AWA. *Tri-State Zoological Park*, 2018 U.S. Dist. LEXIS 6638, *9 (D. Md. Jan. 16, 2018). Instead, the AWA charges the Secretary of Agriculture and the United States Department of Agriculture with the administration and enforcement of the AWA. *See* 7 U.S.C. §§2146, 2132(b); *see also Lesser v. Espy*, 34 F.3d 1301, 1308 (7th Cir. 1994) (noting that "the Secretary shall make such investigations or inspections as he deems necessary to determine whether any dealer … has violated or is violating any provision of [the Act] or any regulation or standard issued thereunder."). "[T]here is no citizen-suit provision within the AWA." *People for Ethical Treatment of Animals, Inc. v. Wildlife in Deed, Inc.*, 2018 U.S. Dist. LEXIS 242015, *6 (S.D. Ind. Feb. 8, 2018). Given that Plaintiff does not contest Defendant's argument that there is no private cause of action to assert an AWA claim, her AWA are deemed waived/forfeited. *Jones v. Connors*, No. 11-8276, 2012 U.S. Dist. LEXIS 135530, at *7 (N.D. Ill. Sept. 20. 2012) ("[A] party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim."); *Agri-Systems Inc. v. Illinois*, No. 22-1085, 2023 U.S. Dist. LEXIS 64078, at *10 (C.D. Ill. Mar. 3, 2023) (similar); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("An unresponsive response is no response.").

B. **Plaintiff's Cite to *Big Cats of Serentiy Springs, Colo. V. Rhodes* in Support of a *Bivens* Claim is Severely Underdeveloped.**

In a conclusory fashion, Plaintiff cites to *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853 (10th Cir. 2016) to support an allegation of a *Bivens* claim. [Dkt. No. 23] Plaintiff's response, however, provides no explanation of *Big Cats*' factual background, the legal issues involved, or how *Big Cats* is applicable to the facts presented in this case. As a result, Plaintiff's cite to and reliance on *Big Cats* is underdeveloped and should be deemed forfeited. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law"); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."). Because Plaintiff offers nothing more than a conclusory, underdeveloped argument, it is deemed waived and/or forfeited. In fact, *Big Cat*, a 10th Circuit case is not binding on this Court. *See United States v. Glaser*, 14 F.3d 1212, 1216 (7th Cir. 1994) ("Nothing the eighth circuit decides is 'binding' on district courts outside its territory. Opinions 'bind' only within a vertical hierarchy. A district court in Wisconsin must follow [the Seventh Circuit's] decisions, but it owes no more than respectful consideration to the views of other circuits.").

C. **Plaintiff's Reliance on *Big Cats* is Unavailing.**

Even if Plaintiff developed her argument and reliance on *Big Cats*, any claim would still fail. In *Big Cats*, the court considered a procedure under the Animal Welfare Act whereby a licensee may administratively challenge an adverse inspection report under the Administrative Procedures Act. *Big Cats*, 843 F.3d at 861-62. The court found that this procedure was not adequate to protect the plaintiff against an alleged violation of its constitutional right to be free from unreasonable search under the Fourth Amendment; it only allowed for a challenge to the propriety of the licensing citation. *Id.* at 862. Plaintiff's Complaint, however, does not even hint at a

Constitutional violation, let alone any Fourth Amendment unreasonable search or seizure claim as raised in *Big Cats*, thereby making reference to a *Bivens* claim entirely misplaced.

Further, in *Bivens*, the Supreme Court recognized a damages action against federal officers individually for alleged violations of plaintiffs' rights under the Fourth Amendment of the United States Constitution. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1999). The case involved a warrantless entry into an individual's residence followed up with a visual strip search performed by Federal agents. *Id*. Nothing of the sort in the instant case. Moreover, the Supreme Court extended this *Bivens* remedy *only twice* since 1971, consistently refusing to extend *Bivens* to any new context or category of defendants. *See Davis v. Passman*, 422 U.S. 228 (1979) (holding an administrative assistant fired by a congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claims); *Carlson v. Green*, 446 U.S. 14 (1980) (holding a prisoner's estate had a *Bivens* remedy against federal jailers for deliberate indifference to necessary medical care where they failed to provide an inhaler for asthma condition resulting in his death); *see also Ziglar v. Abbasi*, 582 U.S. 120 (2017). In *Abbasi*, the Court emphasized that expanding the *Bivens* remedy is now considered "a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at 121. In fact, *Abbasi*, which was decided after *Big Cats*, suggested that *Bivens* and its progeny were wrongly decided, stating "in light of the changes to the Court's general approach to recognized implied damages remedies, it is possible that the analysis in the Court's three *Bivens* cases might have been different if they were decided today." *Id*. at 134.

Here, it is not clear what Plaintiff is alleging, but it certainly appears not pointed towards making an unreasonable search and seizure claim under the Fourth Amendment. As a result, and for the reasons outlined in this reply and earlier supporting memorandum, Plaintiff's Complaint

asserts no *Bivens* remedy with regard to the AWA count and her AWA claim should be dismissed with prejudice.

## II. CONCLUSION

As outlined above, Plaintiff's AWA allegations cannot be plead as an individual cause of action. In fact, Plaintiff concedes as much in her opposition brief. Further, Plaintiff's response brief is nothing more than bare allegations with little to no factual or legal support. As a result, any argument is deemed forfeited. Finally, and even if this Court deems Plaintiff's argument sufficient, her Complaint fails to even hint at a *Bivens* remedy. Therefore, Defendant Frontage Laboratories respectfully requests that this Court grant its Partial Motion to Dismiss, with prejudice, because Plaintiff's Complaint fails to state actionable claims under the AWA upon which relief may be granted and any amendment would be futile, grant it attorneys' fees and costs as the prevailing party, and grant it such other relief as is just and proper.

Dated: March 4, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Cameron T. Liljestrand*
　　　　　　　　　　　　　　　　　　Stephen L. Sitley
　　　　　　　　　　　　　　　　　　Cameron T. Liljestrand
　　　　　　　　　　　　　　　　　　**LEWIS BRISBOIS BISGAARD & SMITH LLP**
　　　　　　　　　　　　　　　　　　550 West Adams Street, Suite 300
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60661
　　　　　　　　　　　　　　　　　　T (312) 345-1718/F (312) 345-1778
　　　　　　　　　　　　　　　　　　Stephen.Sitley@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　Cameron.Liljestrand@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　***Attorneys for Frontage Laboratories, Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 4th day of March 2025, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.

*<u>s/ Cameron T. Liljestrand</u>*
Cameron T. Liljestrand
